UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| LINDA K. VESELY, } <br> ON BEHALF OF HERSELF AND } <br> ALL OTHERS SIMILARLY SITUATED, } <br> } <br> Plaintiff, } <br> v } <br> } <br> FORSTER & GARBUS, LLP, } <br> MARK A. GARBUS, AND RONALD FORSTER, } <br> } <br> Defendants. } | Civil Action, File No. |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Linda K. Vesely [hereinafter "Vesely"] on behalf of herself and all others similarly situated, by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendants, Forster & Garbus, LLP [hereinafter "F&G"], Mark A. Garbus (hereinafter "Garbus"), and Ronald Forster (hereinafter "Forster"), collectively, individually and in any combination known as Defendants, and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Defendants' regular transaction of business within this district. Venue in this district also is proper based on Defendant possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Defendants also derive substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside

in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Vesely is a natural person who resides at 729 Soma Avenue, Bellmore, NY 11710.

6. Vesely is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about May 4, 2017, F&G sent Vesely the letter annexed as Exhibit A. Vesely received and read Exhibit A. For the reasons set forth below, Vesely's receipt and reading of Exhibit A deprived Vesely of her rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, F&G sent Exhibit A to Vesely in an attempt to collect the amount due on a Judgment against Vesely obtained by F&G on behalf of Discover Bank.

9. The Judgment referred to in Exhibit A was obtained based on Plaintiff, as an individual, being issued a credit card account by Discover Bank for her individual use, individually incurring charges by using the credit card account and then, as an individual, failing to pay for these charges. F&G, via Exhibit A, attempted collect the amount due on the Judgment from Vesely in her individual capacity. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. F&G is a limited liability partnership with a principal place of business located at 60 Motor Parkway, Commack, NY 11725.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect

personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes any attorney-at-law or law firm engaging in traditional debt collection activity. See also <u>Eric M. Berman, P.C. v. City of N.Y.</u>, 796 F.3d 171 (2nd Cir., 2015). F&G possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. On Exhibit A, F&G sets forth that it is a debt collector attempting to collect an debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt' or in connection with the collection of a "debt".

13. Based upon Exhibit A and upon F&G possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of F&G is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

14. Based upon the allegations in the above three paragraphs, F&G is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

15. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes an "individual". See 1 USC 1. 15 U.S.C. § 1692b(6) contains specific exclusions;

and an attorney who is an officer or employee of a law firm named after himself is not among those excluded.

16. Garbus is an "individual" with a principal place of business located at "debt collector" F&G, a partner of the "debt collector" F&G, a main financial beneficiary of "debt collector" F&G, and/or controls and/or supervises the debt collection activities of "debt collector" F&G. Garbus therefore is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Therefore, Garbus is a debt collector as defined by 15 U.S.C. § 1692b(6) and 1 USC 1.

17. Garbus is accordingly liable to Plaintiff based on being a "debt collector" and based on the acts of F&G.

18. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes an "individual".  See 1 USC 1.  15 U.S.C. § 1692b(6) contains specific exclusions; and an attorney who is an officer or employee of a law firm named after himself is not among those excluded.

19. Forster is an "individual" with a principal place of business located at "debt collector" F&G, a partner of the "debt collector" F&G, a main financial beneficiary of "debt collector" F&G, and/or controls and/or supervises the debt collection activities of "debt collector" F&G.

Forster therefore is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Therefore, Forster is a debt collector as defined by 15 U.S.C. § 1692b(6) and 1 USC 1.

20. Forster is accordingly liable to Plaintiff based on being a "debt collector" and based on the acts of F&G.

## FIRST CAUSE OF ACTION-CLASS CLAIM

21. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-21 of this Complaint.

22. Exhibit A set forth a "Balance Due as of May 4, 2017" of $13,237.60.

23. If on the date of Exhibit A Discover Bank was not accruing interest, late charges, and/or other charges on the "Balance Due as of May 4, 2017" set forth in Exhibit A, then Defendants violated 15 USC § 1692e, and/or 15 USC § 1692e(10) as a result of Exhibit A setting forth the "Balance Due as of May 4, 2017" or describing the balance as the "Balance Due as of May 4, 2017".

## SECOND CAUSE OF ACTION-CLASS CLAIM

24. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-21 of this Complaint.

25.

26. Exhibit A set forth a "Balance Due as of May 4, 2017" of $13,237.60.

27. Per Exhibit A, the "Balance Due as of May 4, 2017" of $13,237.60 was based on a Judgment against Vesely obtained by F&G on behalf of Discover Bank.

28. Upon information and belief, on the date of Exhibit A, F&G was not authorized to collect any post-judgment interest in conjunction with the judgment entered against the Plaintiff; no other additional costs and/or fees were accruing on the judgment entered against the Plaintiff; and had the Plaintiff at any time paid the $13,237.60 set forth in Exhibit A, the judgment would have been considered satisfied in full.

29. Therefore Defendants violated 15 USC § 1692e, and/or 15 USC § 1692e(10) as a result of Exhibit A setting forth the "Balance Due as of May 4, 2017" or describing the balance as the "Balance Due as of May 4, 2017".

## THIRD CAUSE OF ACTION-CLASS CLAIM

30. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-21 of this Complaint.

31. Exhibit A set forth a "Balance Due as of May 4, 2017" of $13,237.60.

32. Per Exhibit A, the "Balance Due as of May 4, 2017" of $13,237.60 was based on a Judgment against Vesely obtained by F&G on behalf of Discover Bank.

33. Upon information and belief, on the date of Exhibit A Discover Bank was accruing the post-judgment interest which per NY CPLR automatically was accruing on the "Balance Due as of May 4, 2017" of $13,237.60" set forth in Exhibit A.

34. Exhibit A failed to notify Vesely that her "Balance Due as of May 4, 2017" of $13,237.60" may increase due to the aforementioned accrued interest.

35. For the above reason, as a result of the aforementioned omission from Exhibit A, Defendants violated 15 USC § 1692e by sending Exhibit A to Vesely.

## FOURTH CAUSE OF ACTION-CLASS CLAIM

36. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-21 of this Complaint.

37. Exhibit A set forth a "Balance Due as of May 4, 2017" of $13,237.60.

38. Per Exhibit A, the "Balance Due as of May 4, 2017" of $13,237.60 was based on a Judgment against Vesely obtained by F&G on behalf of Discover Bank.

39. Since the "Balance Due as of May 4, 2017" of $13,237.60 set forth in Exhibit A was based on a Judgment against Vesely, post-judgment interest per NY CPLR automatically was accruing on the date of Exhibit A. Therefore, on the date of Exhibit A and each day thereafter, the "Balance Due" to Discover Bank automatically increased above the aforementioned "Balance Due as of May 4, 2017" of $13,237.60.

40. The aforementioned right to collect from Vesely the aforementioned accruing post-judgment interest is not waived by Discover Bank or any assignee or successor-in-interest as a result of a failure by either Discover Bank or any assignee or successor-in-interest at any point in time to attempt to collect from Vesely the aforementioned accruing post-judgment interest in addition to any "Balance Due".

41. Neither F&G nor Discover Bank ever sent Vesely a written communication that they waived the aforementioned right to collect from Vesely the aforementioned accruing post-judgment interest.

42. On and after the date of Exhibit A, Discover Bank or any assignee or successor-in-interest possessed the legal right to sell, transfer, or assign the Judgment/debt identified in Exhibit A.

43. The entity to which the Judgment/debt identified in Exhibit A was sold, transferred, or

assigned had the right collect the aforementioned accruing post-judgment interest in addition to any "Balance Due".

44. On and after the date of Exhibit A, Discover Bank possessed the legal right to terminate F&G as its debt collector.

45. Upon such termination, Discover Bank, through its own efforts or the efforts of a different debt collector, had the right collect from Vesely the aforementioned accruing post-judgment interest in addition to any "Balance Due".

46. On and after the date of Exhibit A, Discover Bank had the right to instruct F&G to seek from Vesely the aforementioned accruing post-judgment interest in addition to any "Balance Due".

47. For the above reasons, at any time after the date of Exhibit A, the "Balance Due" from Vesely and/or the "Balance Due" sought from Vesely may have increased due to the aforementioned accruing post-judgment interest. However, Exhibit A failed to notify Vesely that her "Balance Due" may increase due to the aforementioned accruing post-judgment interest.

48. For the above reasons, as a result of the aforementioned omission from Exhibit A, Defendants violated 15 USC § 1692e by F&G sending Exhibit A to Vesely.

## FIFTH CAUSE OF ACTION-CLASS CLAIM

49. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-30 of this Complaint.

50. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## CLASS ALLEGATIONS

51. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

52. The class consist of (a) all natural persons (b) who received a letter from F&G dated between May 4, 2017 and the present to collect on a Judgment, (c) in a form materially identical or substantially similar to Exhibit A

53. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

54. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

55. The predominant common question is whether Defendant's letters violate the FDCPA.

56. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

57. A class action is the superior means of adjudicating this dispute.

58. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendants in favor of Plaintiff and the class members for statutory damages in an amount to be determined at trial, and costs and attorney's fees; and

      2. Any and all other relief deemed just and warranted by this court.

Dated:     May 4, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107